IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TAMMY S.,[1]

                        Plaintiff,                    Civ. No. 6:19-cv-01271-AC

       v.                                                      OPINION AND ORDER

**ANDREW SAUL**, Acting
Commissioner of Social Security

                        Defendant.

_____

ACOSTA, Magistrate Judge:

      Plaintiff Tammy S. brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") decision denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons below, the Commissioner's final decision is affirmed.

\ \ \ \ \

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental parties in this case.

Page 1 – OPINION AND ORDER

*Background*

Plaintiff was 39 years old on her alleged onset date of September 14, 2015. (Tr. 150-56.)[2] She has a tenth-grade education and past relevant work experience as a housekeeping cleaner, bus driver, and combination bus driver-driving instructor. (Tr. 21.) She alleges disability due congenital heart disease, obesity, and pancreatitis. (Tr. 17.)

Plaintiff filed her application for DIB in December 2016. (Tr. 150-56.) Her claim was denied initially and upon reconsideration, and she requested a hearing. (Tr. 89-94, 97-101.) Prior to the hearing, Plaintiff amended her alleged onset date to October 31, 2016. (Tr. 168.) In August 2018, Plaintiff appeared for a hearing before ALJ Mark Triplett. (Tr. 34-67.) In a written decision dated October 16, 2018, the ALJ denied plaintiff's claim for benefits. (Tr. 12-27.) The Appeals Council denied plaintiff's subsequent petition for review, rendering the ALJ's decision final. (Tr. 1-6.) This appeal followed.

*Standard of Review*

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. Davis v. Heckler, 868 F.2d 323, 326 (9th Cir. 1989).

---

[2] "Tr." refers to the Transcript of the Social Security Administrative Record, ECF No. 11, provided by the Commissioner.

Page 2 – OPINION AND ORDER

*Discussion*

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.920(a)(4) (2012). The burden of proof rests upon the claimant at steps one-through-four, and with the Commissioner at step five. *Id.*; Bustamante v. Massanari, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner must consider the claimant's residual functional capacity ("RFC"), age, education, and work experience and then demonstrate that the claimant is capable of making an adjustment to other work. 20 C.F.R. § 404.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. *Id.* If the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*; *see also* Bustamante, 262 F.3d at 953–54.

The ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not performed substantial gainful activity since her alleged onset date. (Tr. 17.) At step two, the ALJ found plaintiff had the severe impairments of obesity, congenital heart disease, and pancreatitis. (Id.)

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the listings. (Tr. 18); 20 C.F.R. Part 404, Subpart P, Appendix 1.

Prior to step four, the ALJ determined that plaintiff's RFC allowed her to perform sedentary work, with the limitations that she can never climb ladders, ropes or scaffolds; she should have only occasional exposure to extreme heat, extreme cold and vibration; and she can tolerate occasional exposure to pulmonary irritants and workplace hazards such as unprotected heights and exposed moving machinery. (Tr. 18.)

\ \ \ \ \

At step four, the ALJ found that plaintiff was unable to perform any of her past relevant work as a bus driver, driver/driving instructor, or housekeeping/cleaner. (Tr. 21.)

At step five, the ALJ found that based on plaintiff's age, education, work experience, and RFC, could perform work that existed in significant numbers in the national economy despite her impairments. (Tr. 22.) Specifically, the ALJ found plaintiff could perform the representative occupations of call-out operator, charge account clerk, and document preparer. (*Id*.) The ALJ therefore concluded that Plaintiff was not disabled.

Plaintiff contends the ALJ erred by (1) failing to provide legally sufficient reasons for rejecting the opinions of treating cardiologist Abigail Khan, M.D., and treating nurse Patricia Woods, N.P.; and (2) failing to properly evaluate Plaintiff's subjective symptom testimony.

I.      Medical Opinion Evidence

Plaintiff first argues that the ALJ improperly rejected the opinion of her treating cardiologist, Dr. Khan. "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" *Id*. (citation omitted). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick*

*v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012-13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

    A. *Treating Cardiologist Abigail Khan, M.D.*

Dr. Khan began treating Plaintiff in 2014 and provided a cardiac medical source statement in March 2017. (Tr. 308-14.) She indicated that Plaintiff had congenital heart disease and required a low-stress job with the ability to change between sitting and standing, elevate her legs 80 percent of the day, and take 15-20 minute breaks every hour. (Tr. 309, 311-12.) She also indicated that Plaintiff would miss four days or more of work per month, and must avoid cold, heat, pulmonary irritants, and workplace hazards. (Tr. 517.)

The ALJ rejected Dr. Khan's opinion because it was not supported by specific findings and provided "no explanation where the severe limitation that are indicated within [the medical source statement] come from." (Tr. 20.) The ALJ need not accept the opinion of any physician if the opinion is brief, conclusory, and inadequately supported by clinical findings. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Further, The ALJ "may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020); *see also Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983) (noting individualized medical opinions are preferred over check-the-box forms).

\ \ \ \ \

Here, Dr. Khan's opinion consisted largely of checked boxes and filled-in blanks, accompanied by little narrative explanation to support the severe limitations endorsed in her medical source statement. (Tr. 308-14.) Plaintiff fails to provide any significant evidence that show Dr. Khan's opinion was supported by specific findings. On this record, the ALJ was entitled to reject Dr. Khan's opinion. *Chaudhry*, 688 F.3d at 671.

### B. Treating Nurse Patricia Woods, N.P.

Nurse Woods wrote letters regarding Plaintiff's ability to work in September 2015, October 2016, and December 2017. (Tr. 315-17.) She indicated that Plaintiff was unable to work as a bus driver "until further notice," and that Plaintiff should avoid lifting more than 25 pounds and take breaks if feeling unwell. (*Id*.)

As a nurse practitioner, Nurse Woods is an 'other source,' and the ALJ may discount her opinion if he provides germane reasons for doing so. *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016). Here, the ALJ found that Nurse Woods failed to "provide any information" to substantiate her opinion. (Tr. 20, 315.) The ALJ may reject an 'other source' opinion that is brief, conclusory, and inadequately supported by clinical findings. *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012). Because Nurse Woods did not cite to specific findings or other evidence in the record to support her opinion, the ALJ was entitled to reject her opinion. *Id.* at 1111-12. On this record, the ALJ provided a germane reason for rejecting Nurse Woods's opinion. *Dale*, 823 F.3d at 943.

### II.    Subjective Symptom Testimony

Plaintiff next argues the ALJ improperly rejected her subjective symptom testimony. The ALJ is required to provide specific, clear and convincing reasons for rejecting a claimant's testimony. *Garrison*, 759 F.3d at 1017.

\ \ \ \ \

At the administrative hearing, Plaintiff testified that she had stopped working due to her debilitating physical symptoms of fatigue and chest pain, and that she was unable to perform full-time work because of these limitations. (Tr. 49-50, 53-54.) The ALJ rejected Plaintiff's testimony to the extent it conflicted with the RFC. (Tr. 19-20.) As an apparent rationale for rejecting Plaintiff's statements, the ALJ noted gaps in Plaintiff's treatment records and inferred that Plaintiff failed to seek continuous treatment for her impairments. (Tr. 20.)

While an unexplained failure to seek treatment can provide a legally sufficient reason for rejecting a claimant's testimony, here the lack of continuity in Plaintiff's treatment records is explained by her lack of money and transportation, as the ALJ himself noted in his written decision. (Tr. 20); *Molina*, 674 F.3d at 1113-14. Because the gaps in Plaintiff's treatment record are adequately explained by her lack of funds and difficulty obtaining transportation, the ALJ's rationale for rejecting Plaintiff's testimony is not supported by substantial evidence. *Id.*

As a second reason for rejecting Plaintiff's testimony, the ALJ also noted that the record contained no corroborating medical evidence of severe symptoms or symptom worsening. (Tr. 20.) This reason, however, is not a clear and convincing reason to reject a claimant's testimony; to reject a claimant's testimony due to a conflict with the medical record, the ALJ is required to specify "what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722. Further, where, as here, there are explained gaps in a claimant's treatment, a lack of support from the overall medical evidence is not a clear and convincing reason to reject the claimant's subjective symptom testimony. *See Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).

The Commissioner argues that the ALJ properly rejected Plaintiff's testimony by noting that Plaintiff was active at home and was able to help her grandchildren. The ALJ did not identify this a reason to reject Plaintiff's testimony, however. (Tr. 19-20.) Specifically, the ALJ failed to

explain how these activities undermined Plaintiff's testimony. *See Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017). As the Ninth Circuit has instructed, "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medications." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). On this record, the ALJ's discussion of Plaintiff's domestic activities did not constitute a legally sufficient reason for rejecting Plaintiff's testimony.

In sum, the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's testimony regarding her symptoms and limitations.

*Remand*

"Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citation omitted). In a number of cases, however, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when [the three-part credit-as-true standard is] met." *Garrison*, 759 F.3d at 1021. The credit-as-true standard is met if the following conditions are satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id*. at 1020 (citations omitted).

Even when the credit-as-true standard is met, the district court retains the "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021.

Page 8 – OPINION AND ORDER

Here, all three conditions articulated in *Garrison* are met. *Id*. at 1020. As discussed above, the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's testimony. When Plaintiff's testimony is credited as true, her allegations of debilitating fatigue and chest pain dictate a finding of disability. (Tr. 49-50.) Because the record has been fully developed, further administrative proceedings would serve no useful purpose. This case is therefore remanded for the immediate payment of benefits.

## *Conclusion*

For the reasons stated above, the Commissioner's final decision is REVERSED and REMANDED for immediate payment of benefits under sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 23rd day of November, 2020.

_____
John V. Acosta
United States Magistrate Judge